United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-30407
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES W. THIBODAUX, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:03-CR-10013-ALL
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of James W. Thibodaux, Jr.

United States v. Thibodaux, No. 04-30407 (5th Cir. Dec. 17, 2005)

(unpublished). The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125

S. Ct. 738 (2005). Thibodaux v. United States, 125 S. Ct. 1950

(2005). We requested and received supplemental letter briefs

addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thibodaux argues that the application of sentence enhancements based upon facts neither admitted by him nor proven to a jury under a mandatory application of the guidelines violated the Sixth Amendment under Booker. Thibodaux contends that his objections to the amounts of loss and restitution in the district court preserved this issue for review. In his objections, however, Thibodaux argued only that the amounts of loss and restitution were overstated or unsupported. Accordingly, Thibodaux did not preserve this issue, and we review for plain error only. See United States v. Mares, 402 F.3d 511, 516 & n.2, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

There is no dispute that the first two prongs of the plain error standard are satisfied; there was Sixth Amendment error, and the error was plain. See id. at 520-21. In order to meet the third prong of the plain error standard, Thibodaux must demonstrate "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." Id. at 521. The court made no particular comment about the 78-month sentence it imposed. As in Mares, there is no indication in the record, and Thibodaux points to none, as to what the district court would have done had it known that the guidelines were advisory. See id. at 522. Given these circumstances, Thibodaux has not met the third prong of the plain error standard. See id. Because nothing in the Supreme

Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Thibodaux's sentence.

AFFIRMED.